

**NOS. WR-91,953-01 AND WR-91,953-02**

**EX PARTE CHRISTIAN LEE DUNN, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W-26798-B-1 AND W-26810-B-1 IN THE 181ST DISTRICT COURT
FROM RANDALL COUNTY**

*Per curiam*.

**O R D E R**

Applicant pleaded guilty to one charge of injury to an elderly person and one charge of credit or debit card abuse and was sentenced to four years' imprisonment in each case, to run concurrently. He did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In these applications, Applicant alleges that he should have discharged these sentences on August 5, 2020, while he was out on parole. Applicant was apparently arrested for new charges on an unspecified date, and he alleges that the parole hold or pre-revocation warrant in these cases is preventing him from making bond in the new case.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S. Ct. 2593, 2602, 33 L. Ed. 2d 484 (1972). In these circumstances, additional

facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain an affidavit from the person or department with knowledge of the relevant facts addressing the issues raised in these applications. That affidavit shall state whether a parole revocation warrant was issued for Applicant, and if so, when that warrant was issued and whether he is in custody pursuant to that warrant. The affidavit shall also state whether Applicant has been advised of his rights in the revocation process, whether he has requested or waived a preliminary hearing or a final revocation hearing, whether he has been given a preliminary hearing or a final revocation hearing and if not, the reasons he has not been given a hearing. If Applicant's parole has been revoked, the affidavit shall state whether Applicant was serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole was revoked. If not, the affidavit shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on parole.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall make findings of fact regarding whether Applicant is being held pursuant to a parole revocation warrant, and if so, whether he was given a timely preliminary hearing or a parole revocation hearing. If Applicant's parole has been revoked, the trial court shall make findings of fact and conclusions of law as to whether Applicant received credit for the time he spent on parole before revocation. The trial court shall make findings of fact as to whether Applicant has discharged his sentences in these cases. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 18, 2020

Do not publish